**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.

ALAN RIGERMAN,

    Plaintiff,

vs.

THE GRAHAM COMPANIES, a
Florida Profit Corporation, d/b/a
DON SHULA'S HOTEL

    Defendant.
_____/

**COMPLAINT**

Plaintiff ALAN RIGERMAN (hereinafter "Plaintiff"), through the undersigned counsel, hereby files this complaint and sues THE GRAHAM COMPANIES d/b/a DON SHULA'S HOTEL ("DON SHULA'S HOTEL")(hereinafter, referred to as "Defendant"), for declaratory and injunctive relief; for discrimination based on disability; and for the resultant attorney's fees, expenses, and costs (including, but not limited to, court costs and expert fees), pursuant to 42 U.S.C. §12181 et. seq., ("AMERICANS WITH DISABILITIES ACT OF 1990," or "ADA") and alleges:

**JURISDICTION**

1.    This Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. §1331 and §343 for Plaintiff's claims arising under Title 42 U.S.C. §12181 et. seq., based on Defendant's violations of Title III of the Americans with Disabilities Act of 1990, (hereinafter referred to as the "ADA"). See also 28 U.S.C. §2201 and §2202.

**VENUE**

2.    The venue of all events giving rise to this lawsuit is located in MIAMI-

1

DADE County, Florida. Pursuant to 28 U.S.C. §1391(B) and rule 3.1 of Local Rules of the United States District Court for the Southern District of Florida, this is the designated court for this suit.

**PARTIES**

3. Plaintiff, ALAN RIGERMAN, is a resident of the State of Florida. At the time of Plaintiff's visit to DON SHULA'S HOTEL, Plaintiff suffered from a "qualified disability" under the ADA, and required the use of a wheelchair for mobility. The Plaintiff personally visited DON SHULA'S HOTEL, but was denied full and equal access, and full and equal enjoyment of the facilities, services, goods, and amenities within DON SHULA'S HOTEL, which is the subject of this lawsuit.

4. In the alternative, Plaintiff, ALAN RIGERMAN, is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring and determining whether places of public accommodation are in compliance with the ADA.

5. Defendant, DON SHULA'S HOTEL is authorized to conduct business and is in fact conducting business within the State of Florida. Upon information and belief, DON SHULA'S HOTEL is the lessee and/or operator of the Real Property (hereinafter "Subject Facility") and therefore held accountable of the violations of the ADA in the Subject Facility which is the matter of this suit. The Subject Facility is located at 15255 BULL RUN ROAD, MIAMI LAKES, FLORIDA. Upon information and belief, DON SHULA'S HOTEL is the owner and lessor of the Real Property where the Subject Facility is located.

**CLAIMS: VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

6. Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 4 of this complaint, as are further explained herein.

7. On July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendants had ten (10) or fewer employees and gross receipts of $500,000 or less. See 42 U.S.C. §12181; 28 C.F.R. §36.508(a).

8. As stated in 42 U.S.C. §12101(a) (1)-(3), (5) and (9), Congress found, among other things, that:

> i. some 43,000,000 Americans have one or more physical or mental disability, and this number shall increase as the population continues to grow and age;
>
> ii. historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;
>
> iii. discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;
>
> iv. individuals with disabilities continually suffer forms of discrimination, including: outright intentional exclusion; the discriminatory effects of architectural, transportation, and communication barriers; failure to make modifications to existing facilities and practices; exclusionary qualification standards and criteria; segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,
>
> v. the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which this country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

9. As stated in 42 U.S.C. §12101(b)(1)(2) and (4), Congress explicitly stated that the purpose of the ADA was to:

> i. provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> ii. provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
>
> iii. invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

10. Pursuant to 42 U.S.C. §12181(7), and 28 CFR §36.104, Title III, no individual may be discriminated against on the basis of disability with regards to the full and equal enjoyment of the goods, services, facilities, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. DON SHULA'S HOTEL is a place of public accommodation by the fact it is an establishment that provides services to the general public, and therefore, must comply with the ADA.

11. The Defendant has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at DON SHULA'S HOTEL located at 15255 BULL RUN ROAD, MIAMI LAKES, FLORIDA, as prohibited by 42 U.S.C. §12182, and 42 U.S.C. §12101 et. seq.; and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv).

12. Plaintiff has visited the Subject Facility, and has been denied full, safe, and equal access to the facility and therefore suffered an injury in fact.

13. Plaintiff would like to return and enjoy the goods and/or services at the Subject Facility on a spontaneous but full and equal basis. However, Plaintiff is precluded from doing so by the Defendant's failure and refusal to provide people with disabilities with full and equal access to their facility. Therefore, Plaintiff

continues to suffer from discrimination and injury due to the architectural barriers, which are in violation of the ADA.

14. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA. The ADA Accessibility guidelines (hereinafter referred to as "ADAAG"), 28 C.F.R. Part 36, may cause violators to obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

15. The Defendant is in violation of 42 U.S.C. §12181 et. seq., and 28 C.F.R. 36.302 et. seq., and is discriminating against the Plaintiff with the following specific violations:

   a. Existing disabled parking spaces in SW parking facility are non-compliant. 2010 ADAAG 208, 502
   b. Existing disabled parking spaces are not located on the shortest accessible route to the accessible front entrance to the hotel lobby, ballroom and restaurant. 2010 ADAAG 208.3.1
   c. Disabled parking spaces do not have compliant access aisles due to lack of adjoining accessible route. 2010 ADAAG 502.3
   d. Two existing marked disabled parking spaces have access aisles that force persons with disabilities to walk or wheel behind other parked vehicles.  FAC 553.5041(5)(d)
   e. There are no accessible route markings from disabled parking space to facility entrance. 2010 ADAAG 206.2.1
   f. The facility does not provide compliant directional and informational signage.  2010 ADAAG 216.6
   g. The West entrance walkway to Shula's 2 Restaurant exceeds maximum allowed running slope as required in  2010 ADAAG 404.2.3
   h. The West entrance does not connect to an accessible route to access all dining areas. 2010 ADAAG 206.2.5
   i. There is no signage addressing people with disabilities telling them that accessible services are provided 2010 ADAAG 216.3, 703.5
   j. There are mats on floor areas not permanently affixed. 2010 ADAAG 302.2
   k. There is no designated accessible seating in the front dining area. ADAAG 226.1
   l. Facility does not provide required accessible seating disbursement throughout the eating areas.  2010 ADAAG 226.2
   m. Ramp leading to bar does not have compliant handrails on each side of ramp. 2010 ADAAG 505.1
   n. Bar does not provide an accessible seating section  as set forth in 2010 ADAAG 902.1, 226.1
   o. There is no audible indicator in elevators as required. 2010 ADAAG 407.4.8

p. Outdoor restrooms do not provide compliant tactile signage to assist disabled persons to identify room.  2010 ADAAG 703.4
q. Outdoor swimming pool does not provide compliant accessible means of entry as required in 2010 ADAAG 242.1
r. Directional signs to disabled restrooms are missing throughout facility.  2010 ADAAG 703.4.2
s. Men's and women's restroom tactile signs are not installed properly. 2010 ADAAG 703.4
t. Sink trap and pipe insulation missing. 2010 ADAAG 606.5
u. Coat hooks are at non-compliant height. 2010 ADAAG 308.1

16. Upon information and belief there are other current violations of the ADA at DON SHULA'S HOTEL. Only upon full inspection can all violations be identified.  Accordingly, a complete list of violations will require an on-site inspection by Plaintiff's representatives pursuant to Rule 34b of the Federal Rules of Civil Procedure.

17. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

18. Pursuant to the ADA, 42 U.S.C. §12101 et. seq., and 28 C.F.R. §36.304, the Defendant was required to make the establishment a place of public accommodation, accessible to persons with disabilities by January 28, 1992. As of this date the Defendant has failed to comply with this mandate.

19. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have its reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C. §12205.

20. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the subject facilities to make them readily accessible and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Facility

until the requisite modifications are completed.

**REQUEST FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against the Defendant and requests the following injunctive and declaratory relief:

21. That this Honorable Court declares that the Subject Facility owned, operated and/or controlled by the Defendant is in violation of the ADA;

22. That this Honorable Court enter an Order requiring Defendant to alter the Subject Facility to make it accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

23. That this Honorable Court enter an Order directing the Defendant to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to the Subject Facility;

24. That this Honorable Court award reasonable attorney's fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff; and

25. That this Honorable Court award such other and further relief as it deems necessary, just and proper.

Dated this 25th day of February, 2014.

Respectfully submitted by:
s/Ronald E. Stern
       Ronald E. Stern, Esq.
       Florida Bar No. 10089
       THE ADVOCACY LAW FIRM, P.A.
       1250 East Hallandale Beach Boulevard, Suite 503

Hallandale Beach, Florida 33009
Telephone:  (954) 639-7016
Facsimile: (954) 639-7198
Attorney for Plaintiff ALAN RIGERMAN

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.

ALAN RIGERMAN,

      Plaintiff,

vs.

THE GRAHAM COMPANIES, a
Florida Profit Corporation, d/b/a
DON SHULA'S HOTEL

      Defendant.
_____/

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the 25th day of February, 2014, I electronically filed the Complaint along with a Summons for each Defendant with the Clerk of Court using CM/ECF. I also certify that the aforementioned documents are being served on all counsel of record, corporations, or pro se parties identified on the attached Service List in the manner specified via Service of Process by an authorized Process Server, and that all future pleadings, motions and documents will be served either via transmission of Notices of Electronic Filing generated by CM/ECF or Via U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/Ronald E. Stern
        Ronald E. Stern, Esq.
        Florida Bar No.: 10089
        THE ADVOCACY LAW FIRM, P.A.
        1250 East Hallandale Beach Boulevard, Suite 503
        Hallandale Beach, Florida 33009
        Telephone: (954) 639-7016
        Facsimile: (954) 639-7198
        Attorney for Plaintiff ALAN RIGERMAN

## SERVICE LIST:

ALAN RIGERMAN vs. THE GRAHAM COMPANIES, a Florida Profit Corporation, d/b/a DON SHULA'S HOTEL

## CASE NO:

United States District Court, Southern District Of Florida

THE GRAHAM COMPANIES d/b/a DON SHULA'S HOTEL

**REGISTERED AGENT:**

WYLLIE, STUART S.
6843 MAIN STREET
MIAMI LAKES, FLORIDA 33014

**VIA PROCESS SERVER**